UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF NORTH CAROLINA
DURHAM DIVISION

| | |
|---|---|
| IN RE | ) Case No. 10-81271 <br> ) <br> ) Chapter 13 <br> ) <br> ) <br> ) <br> ) |
| William Darryl Martin <br> Paula Parson Martin | |
| DEBTORS | |

---

### OBJECTION TO CONFIRMATION

Colonial Savings, FA (hereinafter "Colonial"), seeking relief against William Darryl Martin, and Paula Parson Martin (hereinafter "Debtors"), moves the Court and respectfully shows as follows:

### PARTIES AND JURISDICTION

1. Colonial is a corporation duly organized and operating under the laws of the State of Texas, with an office location in Fort Worth, Texas.

2. The Debtors is a citizen of Chatham County, North Carolina.

3. The Court has jurisdiction over this proceeding, pursuant to 28 U.S.C. § 1334, and the "Referral Order" entered herein by the Chief United States District Court Judge for the Middle District of North Carolina District of North Carolina. The Court also has jurisdiction over this proceeding, pursuant to 28 U.S.C. §§ 151 and 157(b) in that it is a "core proceeding."

### ALLEGATIONS

4. On or about November 23, 2004, Debtors executed and delivered to Colonial National Mortgage a certain Note in the original sum of $144,728.00. Also on or about November 23, 2004, debtors executed and delivered to Colonia National Mortgage a certain Deed of Trust, thereby granting Colonial National Mortgage a lien or encumbrance on the real property as described therein and known as 325 Kimberly Lane, Siler City, NC 27344 (hereinafter "real property"). On November 23, 2004, the foregoing Deed of Trust was properly filed with the Register of Deeds of Chatham County, North Carolina. Movant is the current owner and holder of the Note and Deed of Trust.

5. On or about July 20, 2010, the Debtors filed a petition under Chapter 13 of the United States Bankruptcy Code. The Debtor's allege that the fair market value of the foregoing real property is approximately $62,052.60, Colonial disputes that this is the fair market value of the real property and requests that the Debtors permit Colonial to conduct a full interior appraisal. The Chatham County Tax Assessor has valued the real property at $132,380.00.

6. The basis of Colonial's Objection to Confirmation is a follows: the value Colonial Savings, FA will receive from distributions under the Plan are less than the amount of its allowed claim, in contradiction to the requirement of 11 U.S.C. §1325(a)(5)(B)(ii). In addition, based upon the tax value of the real property the Debtor's cannot maintain the required monthly plan payments to pay the full amount of

Colonial's allowed secured claim. In addition, should the Court find that the anti-modification provisions of §1322 do not apply, then the Debtor will be required to directly pay the real property taxes due as well as directly pay insurance on the real property with Colonial as an additional insured or loss-payee.

7.  Based upon the foregoing, the Debtor's Plan is not confirmable in that the value Movant will receive from distributions under the Plan are less than the amount of its allowed claim, in contradiction to the requirement of 11 U.S.C. §1325(a)(5)(B)(ii). Therefore, Movant does not accept the Plan as required under 11 U.S.C. §1325(a)(5)(A). Based upon the foregoing, Debtors will not be able to make all the payments under the Plan as proposed. The Debtors cannot comply with the requirements of 11 U.S.C. §1325(a)(6).

8.  Movant hereby gives notice that it may submit a declaration or affidavit regarding any issue(s) raised in this contested matter in accordance with Rules 803(6), 902(11), and 902(12) of the Federal Rules of Evidence.

WHEREFORE, Movant prays the Court as follows:

1.  That the Court deny confirmation of the Plan;

2.  That should confirmation of the Plan be denied, the Court shall dismiss the case;

3.  That Movant be allowed its reasonable attorneys' fees to the extent allowed under 11 U.S.C. § 506(b); and

4.  That Movant have such other and further relief as to the Court may deem just and proper.

Dated: July 8, 2011

Rogers Townsend & Thomas, PC
Attorneys for Colonial Savings, FA

By: _____
Matthew T. McKee
NC Bar No.: 28675
2550 W. Tyvola Rd, Ste 520
Charlotte, N.C. 28217
Telephone: (704) 442-9500
Fax: (704) 442-8453
Email: notices@rtt-law.com



UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF NORTH CAROLINA
DURHAM DIVISION

| | | |
|---|---|---|
| IN RE | ) | Case No. 10-81271 |
| | ) | |
| William Darryl Martin | ) | Chapter 13 |
| Paula Parson Martin | ) | |
| DEBTORS. | ) | |
| | ) | |
| | ) | |
| | ) | |

## CERTIFICATE OF SERVICE

    I, as attorney of record for Colonial Savings, FA, hereby certify that on the 8th day of July, 2011, I served a copy of the Objection to Confirmation by either electronic notice in accordance with the local rules or by depositing the same, enclosed in a postpaid, properly addressed wrapper, in an official depository under the exclusive care and custody of the United States Postal Service, said envelope being addressed as follows:

William Darryl Martin                               Debtors
Paula Parson Martin
325 Kimberly Lane
Siler City, NC 27344

John T. Orcutt, Esq.                                   Attorney for the Debtors
6616-203 Six Forks Road
Raleigh, NC 27615

Richard Hutson, II, Esq.                            Trustee
P.O. Box 3613
Durham, NC 27702

                                                 Rogers Townsend & Thomas, PC
                                                 Attorneys for Colonial Savings, FA

                                                 By: _____
                                                   Matthew T. McKee
                                                 NC Bar No.: 28675
                                                 2550 W. Tyvola Rd, Ste 520
                                                 Charlotte, N.C. 28217
                                                 Telephone: (704) 442-9500